NUMBER 13-02-019-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

JORGE LUIS CASTILLO,                                                            Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 275th District Court of Hidalgo County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Castillo, and Garza
Memorandum Opinion by Justice Yañez
 

          On October 31, 2001, pursuant to a plea agreement, appellant, Jorge Luis Castillo,



pleaded nolo contendere to possession of a controlled substance, less than one gram of
cocaine, after the trial court denied his original and supplemental motions to suppress.


 
The trial court placed him on two years’ deferred adjudication community supervision and
imposed a $1,000 fine. This appeal ensued. 
          The trial court has certified that this case is a plea-bargain case, but matters were
raised by written motion filed and ruled on before trial and not withdrawn or waived. The
defendant has the right of appeal.


 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it.



          By various issues, appellant contends generally that the trial court erred in denying
his motion to suppress because (1) the search of his person exceeded the scope of the
search warrant, and (2) his initial detention and the search of his person were
unconstitutional. We affirm.
Standard of Review
          At a suppression hearing, the trial judge is the sole and exclusive trier of fact and
judge of the credibility of the witnesses and their testimony.


 The appropriate standard for
reviewing a trial court’s ruling on a motion to suppress is a bifurcated standard of review,
giving almost total deference to the trial court’s determination of historical facts and
reviewing de novo the trial court’s application of the law.


 Mixed questions of law and fact
that do not turn on the credibility and demeanor of a witness shall be reviewed de novo.


 
Where the trial court does not make explicit findings of fact, the reviewing court must
assume that the trial court made implicit findings that support its ruling, so long as those
implied findings are supported by the record.


 The reviewing court must review the
evidence in a light most favorable to the trial court’s ruling.


 
          By his second issue,


 appellant generally argues that his initial detention was
unconstitutional because (1) the arresting officers did not have reasonable suspicion or
probable cause to detain him, and (2) he did not consent to being searched. According to
appellant, the cocaine retrieved from his pocket should have therefore been suppressed
as the “fruit” of an unlawful search and seizure. 
          Both the federal and state constitutions protect citizens against unreasonable
searches and seizures.


 When a police officer has reasonable suspicion to believe that
criminal activity may be afoot, he may detain a person for a brief time for questioning and
may, in the interest of safety, pat down the person’s outer clothes to search for weapons.


 
An investigative detention not based on reasonable suspicion is unreasonable and violates
the Fourth Amendment.


 Facts that do not show reasonable suspicion in isolation may
do so when combined with other facts.


 During an investigative detention, an officer may
use such force as is reasonably necessary to accomplish the goal of the stop, whether it
be investigation, maintenance of the status quo, or officer safety.


 We examine the
reasonableness of a temporary detention in terms of the totality of the circumstances in
each case.



Detention
          In his first sub-issue, appellant argues that the trial court erred in denying his motion
to suppress because Officer Ramirez did not have reasonable suspicion or probable cause
to detain him. We first address whether Officer Ramirez had reasonable suspicion to
detain appellant.
          The record reflects that appellant was at a residence where narcotics were sold
during a police raid. Prior to appellant’s arrest, Carlos Ramos, a DPS narcotics
investigator, successfully obtained a search warrant for the residence based on reliable
information from a confidential informant that narcotics trafficking occurred on a regular
basis at the residence. The record also reflects that officers successfully negotiated a
“controlled buy” of approximately two grams of cocaine prior to the execution of the search
warrant. 
          Officers conducted surveillance on the house for approximately two weeks before
executing the search warrant. During surveillance, Officer Ramirez and other officers
observed numerous vehicles drive up to the home, conduct a quick transaction with a
Hispanic male on the home’s driveway, and quickly reverse out of the driveway. Officer
Ramirez testified that appellant’s presence at the residence was consistent with the
officer’s previous observations of other vehicles engaged in trafficking activities at the
residence. Ramirez further testified that he detained appellant during the execution of the
search warrant as part of his effort to secure the premises during the raid and because of
his prior observation of narcotics activities. 
          Based on the totality of the circumstances, Ramirez articulated specific facts that
led him to believe that appellant was or soon would be engaged in criminal activity.


 We
therefore conclude that Ramirez’s initial detention of appellant was supported by
reasonable suspicion.  
Arrest and Search
          Appellant also claims that the arresting officers lacked probable cause to arrest him. 
The record reflects that the arresting officers did not obtain a warrant to arrest appellant. 
          An arrest conducted without a warrant issued on probable cause is per se
unreasonable. However, this rule has various exceptions.


 An officer may make a
warrantless arrest if probable cause exists and the arrest falls within the provision of one
of the statutes authorizing a warrantless arrest.


 Under article 14.01(b), a peace officer
may arrest an offender without a warrant for any offense committed in his presence or
within his view.


 The court of criminal appeals has repeatedly held that probable cause
under article 14.01(b) may be based upon the officer’s personal knowledge coupled with
personally observed behavior.


 In Stull,


 the court stated the following: “[T]his court has
previously upheld arrests under Article 14.01(b) when police officers personally observed
behavior that although not overtly criminal, was, when coupled with the officers’ prior
knowledge, sufficient to establish probable cause that an offense was then occurring.”


 
    Probable cause exists when the facts and circumstances within the officer’s
personal knowledge and of which he has reasonably trustworthy information are sufficient
to warrant a person of reasonable caution in the belief that, more likely than not, a
particular suspect has committed a crime.


 In determining whether an offense has been
or is being committed, the officer is not restricted solely to information or facts which he
has personally observed.


 An officer may rely on reasonably trustworthy information
provided by another person in making the overall probable cause assessment.


 Whether
probable cause exists is determined by considering the totality of the circumstances.


 
          In this case, the record shows that Ramirez knew the following: (1) an informant
notified authorities that drug trafficking occurred at the residence regularly; (2) subsequent
to notifying the authorities, the informant engaged in a successful controlled drug buy at
the residence days before officers procured a search warrant for the residence; (3) officers
witnessed an unusual amount of activity at the residence; and (4) during the raid, Ramirez
personally observed appellant’s truck reversing down the driveway consistent with prior
drug activity at the residence observed by other officers. The record also reflects that after
Ramirez asked appellant why he was at the residence, he allegedly told Ramirez, “Well,
you guys just caught me at a bad time. It was bad timing on my part.” Ramirez testified
that after appellant’s remark, he advised appellant of his rights and then asked whether
appellant had “anything” on him. Appellant then stated, “Yes, it’s in my pants pocket.” 
          Although appellant disputes Ramirez’s account of the facts, we must give almost
total deference to the trial court’s evaluation of the historical facts and assume the trial
court made implicit findings that support its ruling.


 Based on appellant’s statement to
Ramirez, combined with the objective facts known to Ramirez during the drug raid, we
conclude that probable cause existed for Ramirez to believe appellant had committed a
crime.


 
          Finally, when a valid arrest has been made, the arresting officer may conduct a
search of the arrested person that is not limited to searching only for weapons.


 A search
incident to a lawful arrest requires no additional justification.


 Because appellant’s arrest
was legal, the subsequent search of appellant’s pockets was proper as a search incident
to a lawful arrest.


 Appellant’s first issue is therefore overruled.
          Because we have already determined that the arrest and search of appellant was
proper, it is unnecessary for us to address appellant’s remaining issues on appeal.


           The judgment of the trial court is affirmed. 
 
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


 
Do not publish. Tex. R. App. P. 47.2(b).
Memorandum opinion delivered and filed this the
24th day of February, 2005.